# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALWANDA H. GOWDY,
                    Appellant,

          v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
SF-0353-14-0803-I-1

DATE: February 9, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Guillermo Mojarro, Upland, California, for the appellant.

Sara K. Snyder, Esquire, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of the agency's alleged denial of a request for restoration following a compensable injury.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision.

¶2        The appellant suffered a compensable injury to her lower back on April 5, 2011, and the agency placed her into a full-time limited duty assignment by modifying the duties of her Mail Processing Clerk position. In January and February 2014, the appellant submitted new medical documentation that restricted her to lifting, pulling, and pushing no more than 10 pounds, a reduction from her previous limit of 35 pounds. Initial Appeal File (IAF), Tab 12 at 14, 26-27. As a consequence, the physical requirements of the position she occupied exceeded her medical restrictions. In late January and early February, the agency conducted a search in the local commuting area for available duties within the appellant's medical restrictions but did not find any, and it sent her home on April 11, 2014. IAF, Tab 12 at 28-36, Tab 13. The appellant then filed a new claim with the Office of Workers' Compensation Programs (OWCP) asserting that she suffered a recurrence of her injury as of April 11, 2014. IAF, Tab 30 at 57-59. OWCP denied the appellant's claim and terminated her benefits effective April 11, 2014. IAF, Tab 12 at 37-40. The agency continued to search for available work and, in March 2015, the appellant accepted a new position. IAF, Tab 43 at 4, Tab 47 at 4.

¶3 The appellant has filed an appeal in which she alleges that the agency denied her request for restoration for the time period from April 11, 2014, until March 2015, when she began work at her new position. The administrative judge found that the appellant did not make a nonfrivolous allegation that she was absent from her position due to a compensable injury and did not make a nonfrivolous allegation that the agency's de facto denial of her request for restoration was arbitrary and capricious. IAF, Tab 51, Initial Decision (ID) at 5-6. He dismissed the appeal for lack of jurisdiction. ID at 1, 6-7.

¶4 The Federal Employees' Compensation Act and its corresponding regulations at 5 C.F.R. part 353 provide that Federal employees who suffer on-the-job compensable injuries enjoy certain rights to be restored to their previous or comparable positions. 5 U.S.C. § 8101, *et seq.*; *Tat v. U.S. Postal Service*, 109 M.S.P.R. 562, ¶ 9 (2008). If the agency denies an employee's request for restoration following his full or partial recovery from a compensable injury, he may appeal the agency's decision to the Board. 5 C.F.R. § 353.304(a). To establish Board jurisdiction over a restoration appeal as a partially recovered individual, the appellant must prove by preponderant evidence that: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious.[2] *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1104 (Fed. Cir. 2011); *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012).

¶5 The administrative judge here found that the appellant failed to make even a nonfrivolous allegation that she was absent from her position due to a

[2] Effective March 30, 2015, the Board amended its regulations concerning the burden of proof for establishing jurisdiction over restoration appeals filed under 5 C.F.R. §353.304. 5 C.F.R. §1201.57(a)(4) (2015). The amended regulations do not apply to the instant appeal, however, because they apply only to appeals filed on or after March 30, 2015. 80 Fed. Reg. 4489, 4489 (Jan 28, 2015.)

compensable injury. ID at 5-6. A compensable injury is defined as one that is accepted by OWCP as job-related and for which medical monetary benefits are payable from the Employees' Compensation Fund. *Frye v. U.S. Postal Service*, 102 M.S.P.R. 695, ¶ 9 (2006). The determination of whether an individual suffers from a compensable medical condition is within the exclusive purview of OWCP. *Simonton v. U.S. Postal Service*, 85 M.S.P.R. 189, ¶ 11 (2000). As noted above, the appellant here filed a claim for a recurrence of her injury and OWCP denied it and terminated her benefits retroactive to April 11, 2014. IAF, Tab 12 at 37-40. Thus, as of April 11, 2014, OWCP has determined that the appellant is not entitled to medical monetary benefits and the Board is constrained to find that she was not absent from her position because of a compensable injury. Because the appellant failed to satisfy the first prong of the jurisdictional test, the administrative judge correctly dismissed this appeal for lack of jurisdiction.

¶6       The administrative judge further found that the appellant failed to make a nonfrivolous allegation that the agency's denial of her request for restoration was arbitrary and capricious. ID at 6. We see no error in this finding. The agency did not terminate the appellant's limited duty assignment because the work was no longer available but because her medical restrictions changed and she could no longer perform the duties of her position. IAF, Tab 12 at 14, 26-27, Tab 13 at 11-13. The agency has no obligation to allow employees to perform duties that exceed their medical restrictions, and the appellant has not shown that the agency's decision not to do so here was arbitrary and capricious. Thus, the administrative judge correctly found that the appellant failed to meet the fourth prong of the jurisdictional test. This finding provides an alternative justification for dismissing the appeal for lack of jurisdiction.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.